IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

SPRING STREET DESIGN GROUP, INC.,
a New York corporation,

    Plaintiff,

vs.

BLU DOT DESIGN &
MANUFACTURING, INC. a
Minnesota corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, SPRING STREET DESIGN GROUP, INC. (hereinafter "Plaintiff"), brings this action by and through the undersigned attorneys against Defendant, BLU DOT DESIGN & MANUFACTURING, INC. (hereinafter "Defendant"), for trademark infringement, unfair competition, false endorsement and false designation of origin, under Trademark Act of 1946, as amended, 15 U.S.C. §1501, *et seq.*, common law trademark infringement and unfair competition, and in support thereof allege that:

## **PARTIES**

1.    Plaintiff, SPRING STREET DESIGN GROUP, INC., is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 70 West 36th Street, 9th Floor, New York, NY 10018.

2.    Defendant, BLU DOT DESIGN & MANUFACTURING, INC. is a corporation organized and existing under the laws of Minnesota, with a principal place of business at 1323

Tyler Street NE Minneapolis, MN 55413.

3. Defendant all owns, operates, maintains or control interactive websites, accessible from this judicial district, through which the complained of products have been advertised and sold.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq.

5. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiffs and Defendants. In addition, the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

6. This Court has subject matter jurisdiction over the federal and state common law claims, and the state statutory claims herein under 28 U.S.C. § 1338(b), because those claims are joined with a substantial and related claim under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, over which this Court has original jurisdiction.

7. This Court has supplemental jurisdiction over all of the claims pled under state law herein under 28 U.S.C. § 1367, because those claims are joined with, and are so related to Plaintiffs' claims under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, over which this Court has original jurisdiction, such that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has *in personam* jurisdiction over the Defendant in this action because

Defendant regularly engages in business in this judicial district, including, without limitation, sales on interactive websites viewable in this judicial district, and throughout the entire United States, which website uses the infringing mark to promote its goods. Furthermore, Defendant regularly sells products in this judicial district, directly and/or through retailers like Wal-Mart, has engaged in many of the complained of acts in this judicial district, and consumer confusion was caused by Defendant's complained of acts in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(a), by consent, because Defendant regularly engages in business in this judicial district, including, without limitation, on interactive websites viewable in this judicial district, and throughout the entire United States. Furthermore, some of the complained of acts occurred in this judicial district.

10. At all times material hereto, Defendant acted by and through its agents, employees, and servants.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

*a) Plaintiff's Trademark Rights*

11. Plaintiff is a privately held company and, since its inception in 1998, has been a well-respected leader in the contemporary private label jewelry industry.

12. Plaintiff has used in commerce the trademark SPRING STREET since at least as early as 2000 to identify its private label fashion brand which features youthful designs and avant-garde elements in both jewelry and giftables, including but not limited to, compacts, pill boxes, card holders, key rings, and handbags ("Plaintiff's Marks").

13. On or about May 5, 2009, Plaintiff applied for registration of the mark SPRING STREET with the United States Patent and Trademark Office ("USPTO") on the Principal

Register. On or about December 1, 2009 Registration Number 3,718,375 directed to the mark SPRING STREET issued ("Reg. No. 3,718,375"). A true and correct copy of the Certificate of Registration is attached hereto as ***Exhibit "A"***.

      14.     Reg. No. 3,718,375 is for the following goods:

           a. Lipstick holders in International Class 03;

           b. Portable metal hooks for hanging handbags in International Class 06;

           c. Hand held business card cases in International Class 018.

See, ***Exh. "A"***.

      15.     On or about August 26, 2015, Plaintiff filed its Combined Declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065 directed to Plaintiff's Reg. No. 3,718,375. The registration has thereby become incontestable under 15 U.S.C. § 1065, and can only be challenged or cancelled on very limited bases.

      16.     On or about November 11, 2014, Plaintiff applied for registration of the mark SPRING STREET, U.S. Serial Application No. 86/451,100, for body jewelry, broaches, jewelry, jewelry boxes, jewelry cases, key chains, lapel pins, pins, and rings in International Class 014 ("App. No. 86/451,100"). A true and correct copy of the Application is attached hereto as ***Exhibit "B"***.

      17.     On or about March 3, 2015, a non-final Office Action was issued by the USPTO as to App. No. 86/451,100 initially refusing registration of App. No. 86/451,100 due to likelihood of confusion with U.S. Registration No. 4,313,500 directed to the mark TEN SPRING STREET and U.S. Registration No. 4,313,501 directed to the mark TEN SPRING STREET 10 BRAND ("Defendant's Marks"). Both of the above named registrations list Defendant as the

registrant of the marks.

18. On or about September 1, 2015, Plaintiff applied for registration of the mark SPRING STREET, U.S. Serial Application No. 86/744,219, for handbags in International Class 018. A true and correct copy of the application is attached hereto as ***Exhibit "C"***.

19. On or about September 1, 2015, Plaintiff applied for registration of the mark SPRING STREET, U.S. Serial Application No. 86/744,204, for clothing namely, men's and women's shirts, blouses, skirts, pants, scarves, outerwear, hats, gloves, denim jeans, belts, bathing suits, fleece tops and t-shirts in International Class 025. A true and correct copy is attached hereto as ***Exhibit "D"***.

20. Plaintiff has also acquired strong common law trademark rights in its family of SPRING STREET marks through extensive use in Florida, New York, and others states, and in interstate, and international commerce in connection with its goods and services.

21. The marks set forth in Paragraphs 12 through 18 above are hereinafter referred to, collectively, as "Plaintiff's Marks" with the exception of those marks listed in U.S. Registration No. 4,313,500 and U.S. Registration No. 4,313,501.

22. The goods set forth in Paragraphs 12 through 18 above are hereinafter referred to, collectively, as "Plaintiff's Goods".

23. Since at least as early as 2000, Plaintiff has used Plaintiff's Marks, which it has prominently displayed in advertising and marketing its goods and services, including use of the marks on the products, on the internet and in print advertisements.

24. Plaintiff's Goods have achieved notoriety for their original designs, all of which can be customized to suit individual tastes.

25. Plaintiff's Goods are sold online and in high-end department stores, including but not limited to, Nordstrom.

26. Plaintiff's Marks are inherently distinctive, but have also become a distinctive indication of the origin and high level of quality of Plaintiff's services and products as a result of Plaintiff's extensive use, sales, marketing, and advertising. Plaintiff is an industry leader and is well known in the contemporary private label jewelry industry. Plaintiff's Marks therefore act as an indication of the source of these goods and assure consumers a high level of quality, appeal, and satisfaction with which Plaintiff's goods have become synonymous.

27. By using Plaintiff's Marks for over a decade in interstate and Florida commerce, Plaintiff has developed significant and valuable goodwill in its marks in the industry and with the public, which have also acquired secondary meaning.

### b) Defendant's Wrongful Acts

28. On or about December 14, 2010, Defendant applied for registration of the mark TEN SPRING STREET with the USPTO on the Principal Register, Application Serial No. 85/197,690. On or about April 2, 2013, Registration Number 4,313,500 directed to the mark TEN SPRING STREET issued as to furniture for home and office, namely, desks, chairs, stools, barstools, sofas, benches, ottomans, tables, dining tables, coffee tables, end tables, accent tables, occasional tables, side tables, console tables, bookcases, shelving, credenzas, dressers, nightstands, beds, daybeds, filing cabinets, cabinets, pillows, mattresses, coat racks, magazine racks in International Class 020.

29. On or about December 14, 2010, Defendant applied for registration of the mark TEN SPRING STREET 10 BRAND with the USPTO on the Principal Register, Application

Serial No. 85/197,732. On or about April 2, 2013, Registration Number 4,313,501 directed to the mark TEN SPRING STREET 10 BRAND issued as to furniture for home and office, namely, desks, chairs, stools, barstools, sofas, benches, ottomans, tables, dining tables, coffee tables, end tables, accent tables, occasional tables, side tables, console tables, bookcases, shelving, credenzas, dressers, nightstands, beds, daybeds, filing cabinets, cabinets, pillows, mattresses, coat racks, magazine racks in International Class 020.

30. Defendant adopted, commenced use and registered which are confusingly similar to Plaintiff's Marks in connection with its furniture related products and/or services ("Defendant's Infringing Products") long after Plaintiff first used Plaintiff's Marks in commerce, and after Plaintiff obtained federal registration of its SPRING STREET mark.

31. Defendant had constructive knowledge of Plaintiff's Marks based on the SPRING STREET Federal Trademark Registration 3,718,375 as of the date of filing of May 5, 2009.

32. Upon information and belief, by virtue of Plaintiff's registration for the SPRING STREET trademark and the commercial availability of Plaintiff's products, Defendant had actual knowledge of Plaintiff's federally-registered SPRING STREET mark as of the date of filing Plaintiff's first trademark on May 5, 2009.

33. Defendant's Infringing Products have, on information and belief, been distributed, offered, and sold to customers all over the United States, including Florida. Both Plaintiff's products and Defendant's Infringing Products are listed on marketing, advertising, and point-of-sale materials in interstate commerce.

34. Because of the similarity between the marks used by Plaintiff and Defendant, prospective customers are likely to be deceived, mistaken, or confused as to the source origin of

Defendant's products, and the distinctiveness of Plaintiff's Marks are being diluted.

35. On April 28, 2015, Plaintiff sent a letter to Defendant notifying it of Plaintiff's rights in Plaintiff's Marks and demanding that Defendant cease using Plaintiff's registered mark, or any variations thereof, in connection with the sale of its products. A true and correct copy of the letter dated April 28, 2015 is attached hereto as ***Exhibit "E"***.

36. Notwithstanding, Defendant continued to use marks confusingly similar to Plaintiff's Marks.

37. Defendant's acts were done willfully and maliciously, and with the specific intent to imitate the Plaintiff, misappropriate, misuse and palm off of the goodwill, distinctiveness, fame and recognition Plaintiff enjoys in the industry.

38. As a direct and proximate result of Defendant's prior acts complained of herein, the Plaintiff has suffered great and irreparable harm and damage.

39. That harm escalates each day the Defendant's acts complained of herein are permitted to continue.

40. Plaintiff has no adequate remedy at law relative to the continued and future harm expected to be suffered for Defendant's continued conduct.

41. All prerequisites to filing suit have been satisfied, have occurred or have been waived.

42. As a direct and proximate result of the Defendant's acts complained of herein, Plaintiff has been forced to retain the undersigned firm, and has agreed to pay it a reasonable fee for its services.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

43. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. Plaintiff is the owner of U.S. Trademark Registration No. 3,718,375 for the mark SPRING STREET.

45. Defendant is not authorized to use Plaintiff's SPRING STREET mark or any confusingly similar variation, or any mark that in any way represents or implies that Defendant's Infringing Products are in any way associated with Plaintiff.

46. Defendant's contemporaneous use of the marks TEN SPRING STREET and TEN SPRING STREET 10 BRAND with Defendant's Infringing Products is likely to confuse consumers into believing that the products offered by Defendants originate from, are authorized by, or are somehow affiliated with Plaintiff.

47. Such acts directly and indirectly constitute, willful, malicious and intentional infringement of Plaintiff's above-identified federally registered trademark in violation of 15 U.S.C. § 1114(1), §32(1) of the Trademark Act of 1946, as amended.

48. Defendant's infringing acts, if allowed to continue, will cause serious damage to Plaintiff's business, goodwill and profit and will permit Defendant to enjoy profits to which it otherwise is not entitled.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE ENDORSEMENT AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

49. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

50. Plaintiff has been using the mark SPRING STREET in conjunction with its goods and services in Interstate Commerce since at least as early as 2000, and has developed substantial goodwill in such marks in Plaintiff's common law territory, the entire United States, and internationally, prior to Defendant's adoption and use of their TEN SPRING STREET and TEN SPRING STREET 10 BRAND trademarks.

51. Plaintiff's SPRING STREET marks have become uniquely associated with, and thus identify, only Plaintiff. Defendant has knowingly caused its products to enter into interstate commerce with Plaintiff's Marks connected therewith. This use of Plaintiff's Marks by the Defendant is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship or approval of such goods by Plaintiff.

52. The aforesaid acts, are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a), in that Defendant has used in connection with their goods and services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods and commercial activities by Plaintiff.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

53. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

54. Plaintiff first used its Plaintiff's Marks before Defendant first used the term SPRING STREET to market or promote its products.

55. Defendant's use of Plaintiff's Marks infringes on Plaintiff's common law rights in its marks and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendant's products to deceive the public by passing off Defendant's products as being manufactured, sponsored, or otherwise approved by or connected with Plaintiff.

56. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in Plaintiff's Marks.

57. Unless enjoined by this Court, Defendant will continue its acts of trade mark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

58. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

59. The tendency and effect of Defendant's continued use of Plaintiff's Marks in the advertising and marketing of its products is to cause confusion, mistake, and deception as to the

source of origin of Defendant's products. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its marks, and constitute common law unfair competition.

60. As a result of Defendant's use of the Plaintiff's Marks, Plaintiffs' reputation and goodwill have been and will be damaged, and Defendant has wrongfully profited from their imitation and infringement of Plaintiff's SPRING STREET marks.

61. Defendant's acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damages, loss and injury, for which Plaintiff has no adequate remedy at law.

## COUNT V
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

62. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

61. Defendant's use of marks confusingly similar to Plaintiff's Marks in the State of Florida in connection with Defendant's Infringing Products is likely to cause confusion with Plaintiff's Marks in the State of Florida.

62. By reason of the foregoing activities, Defendant has violated and infringed Plaintiff's rights in Plaintiff's Marks and has otherwise competed unfairly with Plaintiff, in violation of the common law of the State of Florida.

## COUNT VI
## FLORIDA COMMON LAW UNFAIR COMPETITON

63. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

64. Defendant's activities constitute unfair competition with Plaintiff by creating a likelihood of confusion in the trade as to the source or sponsorship of the products or is likely to lead the public to believe Plaintiff is in some way connected to Defendant and are likely to mislead persons in the ordinary course of purchasing the products of Defendant and induce them to believe they are purchasing genuine products of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendant the benefits arising therefrom.

65. Defendant's passing off their Infringing Products as products associated with Plaintiff and their other unlawful activities described herein constitute unfair competition as proscribed by the common law and have caused Plaintiff to sustain monetary damage, loss and injury in an amount to be determined at the time of trial.

66. Defendant's acts of unfair competition and misappropriate, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damages, loss and injury, for which Plaintiff has no adequate remedy at law.

## COUNT VII
## CANCELLATION OF TRADEMARK REGISTRATIONS/WRIT OF MANDAMUS

67. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

68. This claim arises under the federal Lanham Act, 15 U.S.C. § 1064 for a writ of mandamus or other appropriate order directing the USPTO to immediately cancel, Defendants' United States Trademark Registrations Nos. 4,313,500 and 4,313,501 directed to the marks TEN SPRING STREET and TEN SPRING STREET 10 BRAND respectively, and remove same from its Principal Register, and any other registers.

69. Plaintiff is the nationwide senior user of the mark SPRING STREET, as compared to Defendant and its use of Defendant's Marks.

70. Notwithstanding, Plaintiff's senior use and priority of right, Defendants obtained United States Trademark Registrations Nos. 4,313,500 and 4,313,501 directed to the marks TEN SPRING STREET and TEN SPRING STREET 10 BRAND respectively which are likely to be confused with Plaintiff's Marks.

71. Plaintiff has been damaged by the aforementioned registrations owned by Defendant including, without limitation, the refusal by the USPTO to allow registration of Plaintiff's mark which is the subject of Plaintiff's App. No. 86/451,100 for what the USPTO characterized as a "likelihood of confusion."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An order enjoining and restraining during the pendency of this action, and thereafter permanently enjoining and restraining Defendant, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them from:

a. Using the mark SPRING STREET or any name, term or mark similar thereto or any confusingly similar designation alone or in combination with other terms, as a trademark, slogan, tag line, trade name component or otherwise, as a domain name, sub-domain, directory name, email address or other such computer addresses, as the name of Defendant's websites, as part of a URL, metatag, hashtag, Ad Words, or, in any other way to market, advertise, sell, offer for sale or identify Defendant's goods, services or advertisements;

b. Otherwise infringing Plaintiff's Marks employing the name, terms or phrase SPRING STREET therein;

c. Unfairly competing with Plaintiff in any manner whatsoever; and

d. Causing a likelihood of confusion, or other injury to Plaintiff's business reputation, or dilution of the distinctive quality, of Plaintiff's family of trademarks by any unauthorized use, dilution, blurring, devaluing or tarnishment of the same.

2. An order requiring Defendant to deliver and destroy all devices, websites, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials and products in the possession of Defendants or under control, bearing the mark SPRING STREET in or on them, and all plates, molds, matrices and other means of making the same.

3. An order requiring Defendant to notify, in writing, and direct to its internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which the Defendant's use of the marks employing SPRING STREET appear, to delete all references to said names and marks from their public databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing names and marks employing the mark SPRING STREET.

4. An order requiring Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of judgment, a report, in writing, and under oath, setting forth, in detail, the manner and form in which Defendant has complied with the requirements of the injunction and order.

5. An order requiring Defendant to account for and pay over to Plaintiff all damages sustained by Plaintiff including damages by reason of Defendant's unlawful acts alleged herein, plus pre-judgment and post-judgment interest thereon, and that such damages be trebled, as provided by law.

6. An order requiring Defendant to pay over to Plaintiff all profits realized directly or indirectly by Defendant, directly or indirectly related to it products and/or services, the sales of which have been enhanced directly or indirectly from its products or services, or advertising of same, or otherwise by reason of Defendants' unlawful acts alleged herein, and that such amounts be trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

7. An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. §§ 1117, 1118, or as otherwise provided by law.

8. An award of punitive and exemplary damages.

9. A writ of mandamus or other appropriate order to the United States Patent and Trademark Office requiring the immediate cancellation of Defendants' United States Trademark Registrations Nos. 4,313,500 and 4,313,501directed to the marks TEN SPRING STREET and TEN SPRING STREET 10 BRAND respectively, and to remove same from its Principal Register, and any other registers.

10. An award of Plaintiff's reasonable attorneys' fees incurred in this litigation.

11. An award of Plaintiff's taxable costs and other costs, expenses and disbursements incurred herein.

12. An award of prejudgment and post-judgment interest on all monetary awards.

13. All such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

DATED: September 3, 2015

**SANTUCCI PRIORE, P.L.**
*Attorney for Plaintiffs*
200 South Andrews Avenue
Museum Plaza, Suite 100
Fort Lauderdale, Florida 33301
Telephone: 954-351-7474
Facsimile: 954-351-7475

By:   */s/ Michael I. Santucci*
Michael I. Santucci (FBN: 105260)
E-mail: mis@500law.com
Daniel Devine (FBN: 92342)
E-mail: ddevine@500law.com

Exhibits

A. Certificate of Registration No: 3,718,375
B. Federal Trademark Application 86/451,100
C. Federal Trademark Application 86/744,219
D. Federal Trademark Application 86/744,204
E. Letter to Defendant, dated April 28, 2015